SDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/13

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

and

STATE OF NEW YORK,

        *Plaintiffs*,

        v.

TWIN AMERICA, LLC, et al.

        *Defendants*.

Civil Action No.
12-cv-8989 (ALC) (GWG)

ECF Case

## STIPULATED PROTECTIVE ORDER

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below.  The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), ORDERS as follows:

**A.**    **Definitions**

    1.  As used herein:

        (a)  "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

1

(b)  "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

(c)  "Highly Confidential Information" means any Confidential Information which the Protected Person reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections.

(d)  "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(e)  "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(f)  "Investigation" means the pre-Complaint inquiry into the matters at issue in this Action by the U.S. Department of Justice and/or the State of New York, including the period of the State of New York's investigation before and during the proceedings before the Surface Transportation Board (Docket No. MC-F 21035).

(g)  "Investigation Materials" means (i) documents, testimony or other materials that any non-Party provided to any Party, either voluntarily or under compulsory process, in anticipation of or during the Investigation, and related to the Investigation, including all declarations, transcripts, verbatim recitations of interviews or conversations (but not including notes of such interviews or conversations), and responses to civil investigative demands, subpoenas or any request for information, excluding information protected under Fed. R. Civ. P. 26(b)(3)(A); (ii) documents constituting or containing any communication between any Party and

2

any non-Party during the Investigation, and related to the Investigation, excluding information protected under Fed. R. Civ. P. 26(b)(3)(A); or (iii) documents, testimony or other materials that any Defendant, or affiliated person or entity (including but not limited to Stagecoach Group plc), has provided to either Plaintiff in anticipation of or during the Investigation, and related to the Investigation.

(h)   "Outside Counsel of Record" means the firm(s) of attorneys representing a Defendant in this proceeding.

(i)   "Party" means any Plaintiff or any Defendant in this Action.   "Parties" means collectively Plaintiffs and Defendants in this Action.

(j)   "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(k)   "Protected Person" means any Person (including a Party) that has provided Investigation Materials or that provides documents, testimony or other materials in this Action voluntarily or in response to a discovery request or subpoena.

**B.**      **Designation of Confidential Information**

2.   Within five business days of the Court's entry of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

3.   DESIGNATION OF INVESTIGATION MATERIALS.   A Protected Person that produced Investigation Materials shall have 15 business days after receiving a copy of this Order to designate as Confidential or Highly Confidential any Investigation Materials, to the extent such

3

information constitutes Confidential Information, as defined in subparagraph 1(b) of this Order, or Highly Confidential Information, as defined in subparagraph 1(c).  Such designations constitute a representation to the Court that such Protected Person (and counsel, if any) in good faith believes that the Investigation Materials so designated constitute Confidential Information or Highly Confidential Information.

Such Investigation Materials may be so designated by providing written notice by overnight mail or email to Plaintiffs and Defendants that includes (i) copies of the Investigation Materials stamped with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or (ii) identification of the document(s) and page number(s), or page and line number of testimony, containing Confidential Information or Highly Confidential Information.  Counsel for Plaintiffs and Defendants to be notified are as follows:

For Plaintiff United States:

> Sarah Wagner
> U.S. Department of Justice
> 450 Fifth Street NW, Suite 8000
> Washington, DC 20530
> sarah.wagner@usdoj.gov

For Plaintiff State of New York:

> James Yoon
> Office of the Attorney General
> Antitrust Bureau
> 120 Broadway, 26th Floor
> New York, NY 10271-0332
> james.yoon@ag.ny.gov

For Defendants Twin America, LLC, CitySights, LLC, and City Sights Twin, LLC:

> Michael P. A. Cohen
> Paul Hastings LLP
> 875 15th Street, NW

Washington, DC 20005
michaelcohen@paulhastings.com

For Defendants Coach USA, Inc. and International Bus Services, Inc.:

Thomas O. Barnett
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
tbarnett@cov.com

4. If a non-Party Protected Person determines that this Order does not adequately protect its Confidential or Highly Confidential Information, it may, within 15 business days after receipt of a copy of this Order, seek additional protection from the Court for its Confidential Information or Highly Confidential Information. If a non-Party Protected Person seeks additional protection from the Court, the Investigation Materials for which additional protection has been sought will not be provided to other Persons until the Court has ruled.

5. Any production of documents or testimony not designated as Confidential or Highly Confidential will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential or Highly Confidential pursuant to paragraph 7 of this Order. However, the disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

6. DESIGNATION OF LITIGATION MATERIALS. The following procedures govern the process for Protected Persons to designate as Confidential or Highly Confidential any information disclosed in this Action after this Order is entered, including but not limited to information in response to requests under Fed. R. Civ. P. 31, 33, 36 and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

5

(a)  Testimony.  All transcripts of depositions taken in this Action after entry of this Order will be treated as Highly Confidential Information in their entirety for 15 business days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable).  Within five business days of receipt of the final transcript, the Party who noticed the deposition shall provide the final transcript to the deponent.  Within 15 business days following receipt of the final transcript, the deponent may designate as Confidential or Highly Confidential, any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer.  To be effective, such designations must be provided in writing to Plaintiffs' and Defendants' counsel listed in paragraph 3.  Any portion of the transcript or exhibits not so designated pursuant to this subparagraph 6(a) shall not be treated as Confidential or Highly Confidential, despite any prior designation of confidentiality.

When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as Confidential or Highly Confidential, the Party that asked such questions shall designate as Highly Confidential the portion of the transcript relating to such Confidential or Highly Confidential document or information.

(b)  Documents.  A Protected Person who designates as Confidential Information any document produced in this Action must stamp or otherwise mark each page containing Confidential Information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility.  If the entire document is not Confidential Information, the Protected Person shall stamp or label only those pages that contain Confidential

Information.   Likewise, a Protected Person who designates as Highly Confidential Information any document produced in this Action must stamp or otherwise mark each page containing Highly Confidential Information with the designation "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility or audibility.   If the entire document is not Highly Confidential Information, the Protected Person shall stamp or label only those pages that contain Highly Confidential Information.

(c)   Electronic Documents and Data.   Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains Confidential or Highly Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.   Where Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk or other medium.   Likewise, where Highly Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Highly Confidential Information, the "HIGHLY CONFIDENTIAL" designation may be placed on the disk or other medium.   When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision in printed form to any person described in subparagraph 10(g), the Party printing the electronic files or documents shall affix a legend to the printed document saying "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and include the production number and designation associated with the native file.

7

(d)   Each Defendant represents that any materials that the Defendant previously provided to the U.S. Department of Justice and/or the State of New York during the Investigation that the Defendant designated as Confidential or Highly Confidential, including but not limited to testimony, documents, and electronic documents and data, constitutes Confidential Information, as defined in subparagraph 1(b) of this Order, and the Defendant hereby designates it as such.

(e)   Whenever discovery is sought from a non-Party in this Action, a copy of this Order shall accompany the discovery request or subpoena.   Non-Parties may designate materials as Confidential or Highly Confidential pursuant to the procedures in this paragraph.

7.   If at any time prior to the trial of this Action, a Protected Person realizes that it should have designated as Confidential or Highly Confidential any Investigation Materials or any documents, testimony, or other materials that Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing.   The Parties shall thereafter treat the Investigation Materials pursuant to the Protected Person's new designation under the terms of this Order.   No prior disclosure of newly designated Confidential or Highly Confidential Information shall violate this Order.

8.   In the event of a disclosure of any Confidential or Highly Confidential Information to any person(s) not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the disclosure.   The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.   Unauthorized or inadvertent

8

disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential or Highly Confidential Information.

**C.** **Challenges to Confidential or Highly Confidential Designation**

9.   Any Party who objects to any designation of confidentiality may at any time before the trial of this Action provide a written notice to the Protected Person who made such designation and all Parties stating with particularity the grounds for the objection.   All materials objected to shall continue to be treated as Confidential or Highly Confidential Information pending resolution of the dispute.   If the objecting Party and the Protected Person cannot reach agreement on the objection within 5 business days of the Party's written notice, the objecting Party may address the dispute to this Court in accordance with paragraph 2.A of the Individual Practices of Magistrate Judge Gabriel W. Gorenstein.   The producing Party or non-Party bears the burden of persuading the Court that the material is in fact Confidential Information within the definition set forth in paragraph 1(b) or Highly Confidential Information within the definition set forth in paragraph 1(c).

**D.** **Disclosure of Confidential or Highly Confidential Information**

10.   Confidential Information may be disclosed only to the following persons:

(a)   the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b)   counsel for the Plaintiffs and their attorneys, paralegals and other professional personnel (including support and IT staff), and agents or independent contractors retained by the Plaintiffs to assist in this Action whose functions require access to the information, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Exhibit A attached hereto;

9

(c)  Outside Counsel of Record for Defendants, including any attorney, paralegal, clerical, or other assistant that such outside counsel assigns to this Action whose functions require access to the information, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Exhibit A attached hereto;

(d)  outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action;

(e)  any mediator or arbitrator that the Parties engage in this Action or that this Court appoints;

(f)  persons who are authors, addressees, and recipients of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; or persons for whom counsel for Plaintiffs or Defendants believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;

(g)  any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Exhibit A attached hereto;

(h)  outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Exhibit A attached hereto; and

(i)  one in-house attorney for each Defendant, whose name shall be disclosed to the U.S. Department of Justice and the State of New York at least 5 business days prior to the

effective date of such designation and who shall be agreed upon by the parties or (in the absence of agreement) ordered by the Court, provided that the in-house attorney shall first execute an Agreement Concerning Confidentiality in the form of Exhibit A attached hereto.   To the extent a Defendant seeks to change the one-in house attorney that may receive access to Confidential Information, the Defendant must provide notice to Plaintiffs at least 10 business day prior to the effective date of such change.

11.   Highly Confidential Information may be disclosed only to the persons set forth in Section D.10.(a)-(h) above.

12.   Counsel for the Party making the disclosure must retain the original of the Agreement Concerning Confidentiality in the form of Exhibit A attached hereto for a period of at least one year following the final resolution of this Action.

13.   Each individual described in paragraphs 10 and 11 of this Order to whom information designated as Confidential Information or Highly Confidential Information is disclosed must not disclose that Confidential or Highly Confidential Information to any other individual, except as provided in this Order.

14.   Recipients of Confidential or Highly Confidential Information under this Order may use such material solely for the prosecution and defense of this Action and not for any business, commercial, or competitive purpose or in any other litigation proceeding.   Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this Action.   Further, nothing contained in this Order prevents Plaintiffs, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing such information designated as Confidential or Highly Confidential

11

(i) in the course of any other legal proceeding in which the U.S. Department of Justice or the State of New York is a party; (ii) for the purpose of securing compliance with a Final Judgment in these actions; or (iii) for law enforcement purposes.

    15.   Nothing in this Order:

    (a)   limits a Protected Person's use or disclosure of its own information designated as Confidential or Highly Confidential Information;

    (b)   prevents disclosure of Confidential or Highly Confidential Information with the consent of the Protected Person that designated the material as Confidential or Highly Confidential;

    (c)   prevents disclosure by a Party of Confidential or Highly Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt in discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a Court or as may be required by law;

    (d)   prevents Plaintiffs from retaining or disclosing any Investigation Materials, as permitted by the Donnelly Act, NYGBL § 340 *et seq.*, NY Executive Law § 63, the Antitrust Civil Process Act, 15 U.S.C. § 1311-14, and other applicable law; or

    (e)   prevents Plaintiffs' retention or use or disclosure of Investigation Materials outside the context of the litigation to the extent permitted by applicable law or regulation governing such pre-complaint discovery, or for law enforcement purposes, or as required by law, court order or regulation.

**E.     Use of Information Designated Confidential or Highly Confidential in This Action**

16.  If any documents, testimony, or other materials designated under this Order as Confidential or Highly Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must obtain a court order to file such Confidential or Highly Confidential Information under seal, in accordance with Rule 7.C of the Individual Practices of Judge Andrew L. Carter, Jr. and Rule 2.F of the Individual Practices of Magistrate Judge Gabriel W. Gorenstein.   A request for the Court to allow filing under seal shall include the proposed redactions.   If this Court grants leave to file the document under seal, the filing Party shall file with the Clerk of this Court a redacted version of the filing.   Nothing in this Order shall restrict the Parties or any interested member of the public from challenging the filing of any Confidential or Highly Confidential Information under seal.

17.  The provisions of this Order govern the disclosure of Confidential or Highly Confidential Information in pre-trial proceedings only.   The disclosure of Confidential or Highly Confidential Information at trial shall be subject to separate order of the Court.

**F.     Procedures upon Termination of This Action**

18.  The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise.   Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this litigation, all persons having received information designated as Confidential or Highly Confidential Information must either make a good faith effort to return such material and all copies thereof to the Protected Person (or the person's counsel if represented by counsel) that produced it, or destroy or delete all such Confidential or Highly Confidential

Information and certify that fact in writing to the Party or Protected Person.  Counsel for Plaintiffs and Defendants will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information designated as Confidential or Highly Confidential Information to any person except pursuant to Court order or agreement with the Protected Person that produced the Confidential or Highly Confidential Information or as otherwise permitted herein.  All Confidential or Highly Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph.  Nothing in this Paragraph, however, restricts the rights of the Parties under paragraphs 14 or 15 of this Order.

**G.**     **Right to Seek Modification**

19.   Nothing in this Order limits any Party or Protected Person from seeking further or additional protections of any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action or any other proceeding.

**H.**     **The Privacy Act**

20.   This Order constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

**I.**     **Persons Bound by This Order**

21.   This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions,

14

affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**AGREED TO:**

Dated: *March 13, 2013*    By: _William H. Stallings_
                            William H. Stallings
                            U.S. Department of Justice
                            Antitrust Division
                            Transportation, Energy &
                                  Agriculture Section
                            450 Fifth Street, NW, Suite 8000
                            Washington, DC 20530
                            (202) 514-9323
                            william.stallings@usdoj.gov
                            *For the United States*

              By: _____
                            James Yoon
                            Office of the Attorney General
                            Antitrust Bureau
                            120 Broadway, 26th Floor
                            New York, NY 10271-0332
                            (212) 416-8822
                            James.Yoon@ag.ny.gov
                            *For the State of New York*

              By: _____
                            Thomas O. Barnett
                            Covington & Burling LLP
                            1201 Pennsylvania Avenue, NW
                            Washington, DC 20004-2401
                            (202)662-5407
                            tbarnett@cov.com
                            *For Coach USA, Inc. and International Bus Services, Inc.*

              By: _____
                            Michael P. A. Cohen
                            Paul Hastings LLP
                            875 15th Street, NW
                            Washington, DC 20005
                            (202) 551-1880

15

affiliates, employees, agents, retained consultants and experts, and any persons or organizations

over which they have direct control.

**AGREED TO:**

Dated: _____    By:  _____

William H. Stallings
U.S. Department of Justice
Antitrust Division
Transportation, Energy &
    Agriculture Section
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
(202) 514-9323
william.stallings@usdoj.gov
*For the United States*

By:  _____

James Yoon
Office of the Attorney General
Antitrust Bureau
120 Broadway, 26th Floor
New York, NY 10271-0332
(212) 416-8822
James.Yoon@ag.ny.gov
*For the State of New York*

By:  _____

Thomas O. Barnett
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202)662-5407
tbarnett@cov.com
*For Coach USA, Inc. and International Bus Services,*
*Inc.*

By:  _____

Michael P. A. Cohen
Paul Hastings LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1880

15

affiliates, employees, agents, retained consultants and experts, and any persons or organizations

over which they have direct control.

**AGREED TO:**

Dated: 3-13-13               By: _____
                                  William H. Stallings
                                  U.S. Department of Justice
                                  Antitrust Division
                                  Transportation, Energy &
                                      Agriculture Section
                                  450 Fifth Street, NW, Suite 8000
                                  Washington, DC 20530
                                  (202) 514-9323
                                  william.stallings@usdoj.gov
                                  *For the United States*

                             By: _____
                                  James Yoon
                                  Office of the Attorney General
                                  Antitrust Bureau
                                  120 Broadway, 26th Floor
                                  New York, NY 10271-0332
                                  (212) 416-8822
                                  James.Yoon@ag.ny.gov
                                  *For the State of New York*

                             By: Thomas O. Barnett
                                  Thomas O. Barnett
                                  Covington & Burling LLP
                                  1201 Pennsylvania Avenue, NW
                                  Washington, DC 20004-2401
                                  (202)662-5407
                                  tbarnett@cov.com
                                  *For Coach USA, Inc. and International Bus Services,*
                                  *Inc.*

                             By: _____
                                  Michael P. A. Cohen
                                  Paul Hastings LLP
                                  875 15th Street, NW
                                  Washington, DC 20005
                                  (202) 551-1880

15

affiliates, employees, agents, retained consultants and experts, and any persons or organizations

over which they have direct control.

**AGREED TO:**

Dated: _____    By: _____

William H. Stallings
U.S. Department of Justice
Antitrust Division
Transportation, Energy &
    Agriculture Section
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
(202) 514-9323
william.stallings@usdoj.gov
*For the United States*

By: _____

James Yoon
Office of the Attorney General
Antitrust Bureau
120 Broadway, 26th Floor
New York, NY 10271-0332
(212) 416-8822
James.Yoon@ag.ny.gov
*For the State of New York*

By: _____

Thomas O. Barnett
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202)662-5407
tbarnett@cov.com
*For Coach USA, Inc. and International Bus Services,*
*Inc.*

By: _____

Michael P. A. Cohen
Paul Hastings LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1880

15

michaelcohen@paulhastings.com
*For Twin America, LLC, CitySights LLC and City
Sights Twin, LLC*

**SO ORDERED:**

Dated this 14th day of March, 2013

JUDGE GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

16

APPENDIX A

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>and<br><br>STATE OF NEW YORK,<br><br>        *Plaintiffs,*<br>    v.<br><br>TWIN AMERICA, LLC, et al.<br><br>        *Defendants.* | Civil Action No.<br>12-cv-8989 (ALC) (GWG)<br><br>ECF Case |

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed by _____ as _____.

I hereby certify that:

    1.  I have read the Protective Order entered in the above-captioned action, and understand its terms.

    2.  I agree to be bound by the terms of the Protective Order entered in the above-captioned action.  I agree to use the information provided to me only for the purpose of this litigation.

    3.  I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.   I submit to the jurisdiction of the United States District Court for the Southern District of New York solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____ ___ ____ _____

SIGNATURE

_____ __ _____ ___ _____

DATE