UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>                   *Plaintiffs,*<br><br>vs.<br><br>TWIN AMERICA, LLC, et al.,<br><br>                   *Defendants.* | Civil Action No. 12-cv-8989 (ALC) (GWG)<br><br>ECF Case<br><br>This document applies to all cases. |

**STIPULATED AGREEMENT AND ▬▬▬ ORDER
REGARDING PRESERVATION OF PRIVILEGE CLAIMS**

Plaintiffs United States of America and State of New York, and Defendants Twin America, LLC, CitySights LLC, City Sights Twin, LLC, Coach USA, Inc. and International Bus Services, Inc., acting through their counsel of record, agree to adhere to the following procedures with regard to the inadvertent production of privileged or protected material produced as part of discovery in the above-captioned litigation:

      1.      Inadvertent production of paper documents or electronically stored information subject to protection by the attorney-client privilege, the work-product doctrine, or any other legal privilege that protects information from discovery will not constitute a waiver of any privilege or other protection if the producing party took reasonable steps to prevent disclosure and, within fourteen (14) days of discovering that such documents or electronically stored information has been produced, the producing party provides all other parties with (i) a written notice that the materials were inadvertently produced, (ii) a privilege log identifying and describing such materials that satisfies the requirements of Item 7(d) of the Joint Electronic Discovery Submission No. 1 and Order entered by the Court on March 8, 2013 (Docket No. 28),

and (iii) a request for the return or destruction of the materials inadvertently produced (collectively, a "Notice").

2. Within ten (10) days of receiving a Notice, each receiving party must either (i) return, sequester, or destroy all copies of the inadvertently produced materials and all notes or other trial preparation reflecting the contents of these materials, and give the producing party written confirmation of such action, or (ii) notify the producing party in writing that it disputes the claimed privilege or protection and seek to resolve the dispute pursuant to the Individual Practices of Magistrate Judge Gabriel W. Gorenstein at Paragraph 2.

3. If the parties cannot resolve the privilege claim, the receiving party may move the Court for an Order to compel production of the material, provided that the motion shall not disclose the substance of the inadvertently produced material, except to the extent that an *in camera* inspection of the materials may be requested. The basis for such a motion may not be the fact or circumstances of the inadvertent production so long as the producing party took reasonable steps to prevent disclosure.

4. Upon receipt of a Notice, and until the privilege claim is resolved by the parties pursuant to Paragraph 2 above or by the Court pursuant to Paragraph 3 above, the receiving party shall not use or rely upon the inadvertently produced material or the content of the material for any purpose, and shall make no use of the material or the content of the material during depositions or at trial. This Order does not preclude a party from arguing based on the underlying facts and circumstances that the production was not inadvertent to the extent the producing party did not take reasonable steps to prevent disclosure.

5. The contents of the inadvertently produced materials must not be disclosed to anyone who was not provided with access to them before a Notice was made. If, prior to

receiving a Notice, the receiving party disclosed any materials later claimed to have been inadvertently produced to any other person, including agents or consultants, the receiving party shall take reasonable steps to retrieve the materials and all notes or other trial preparation reflecting the contents of these materials, and provide written confirmation of such action to the producing party.

6. The parties agree that the Court may and should adopt this agreement as an order of the Court pursuant to Rule 16(b)(3)(B)(iv) of the Federal Rules of Civil Procedure and that it may be enforceable as any other order of the Court. The parties further agree that all of the protections of Rule 502 of the Federal Rules of Evidence apply to any inadvertently produced materials.

*Limits on Scope of Agreement*

This stipulated agreement does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege or the trial preparation doctrine. Nor is this agreement intended to limit in any way any party's right to contest any privilege claims that may be asserted with respect to any of the documents produced, except to the extent stated in this agreement.

**AGREED TO:**
Dated: November 1, 2014

_____
Sarah Wagner
U.S. Department of Justice
Antitrust Division
Transportation, Energy &
   Agriculture Section
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
(202) 514-9323
william.stallings@usdoj.gov
*For the United States*

3

_[signature]_

James Yoon
Office of the Attorney General
Antitrust Bureau
120 Broadway, 26th Floor
New York, NY 10271-0332
(212) 416-8822
James.Yoon@ag.ny.gov
*For the State of New York*

---

Thomas O. Barnett
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202)662-5407
tbarnett@cov.com
*For Coach USA, Inc. and International Bus Services, Inc.*

---

Michael P. A. Cohen
Paul Hastings LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1880
michaelcohen@paulhastings.com
*For Twin America, LLC, CitySights LLC and City Sights Twin, LLC*

**SO ORDERED:** _____, 2013

---

JUDGE GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

James Yoon
Office of the Attorney General
Antitrust Bureau
120 Broadway, 26th Floor
New York, NY 10271-0332
(212) 416-8822
James.Yoon@ag.ny.gov
*For the State of New York*

Thomas O. Barnett
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202)662-5407
tbarnett@cov.com
*For Coach USA, Inc. and International Bus Services, Inc.*

Michael P. A. Cohen
Paul Hastings LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1880
michaelcohen@paulhastings.com
*For Twin America, LLC, CitySights LLC and City Sights Twin, LLC*

SO ORDERED: November 1, 2013

GABRIEL W. GORENSTEIN
United States Magistrate Judge

4