

**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W., Suite 8000*
*Washington, DC 20001*

*william.stallings@usdoj.gov*
*Tel: (202) 514-9323*
*Fax. (202) 307-2784*

June 10, 2014

Honorable Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:   *United States and State of New York v. Twin America, LLC et al.*, No. 12-CV-8989 (ALC) (GWG)

Dear Judge Carter:

      In advance of the June 19 Case Management Conference in this matter, Plaintiffs United States of America and State of New York write to respectfully request that the Court set at the conference a date for the bench trial in this matter to occur in early September 2014 or as soon thereafter as the Court's calendar permits.  This case can easily be trial-ready by that time (the current Scheduling Order contemplates a trial-ready date of August 6)[1] and should not be further delayed by Defendants' forthcoming summary judgment motion for the reasons explained below.

      Defendants disclosed their intent to move for summary judgment in the Joint Preliminary Trial Report filed on May 30, 2014.  The Scheduling Order provides for a delay of key pre-trial deadlines and the trial date until well after a summary judgment motion is decided.  Such a delay is unwarranted here given that the grounds Defendants intend to raise in their summary judgment motion are unlikely to succeed and incapable of obviating the need for a trial.  It has now been over five years since Defendants entered into their unlawful joint venture, which has caused tens of millions of dollars in harm to consumers already and continues to harm new consumers every day that it is allowed to continue.  Defendants have artfully used a variety of procedural mechanisms to avoid ultimate resolution of this case and should not be allowed to continue.  Plaintiffs therefore urge the Court to set a firm trial date.  The parties anticipate the bench trial will last ten days.  Following a meet and confer session, Defendants stated that they do not consent to Plaintiffs' proposed trial date and seek to proceed under the current Scheduling Order.

---

[1] Although discovery has been reopened for the limited purpose of examining whether certain evidence was properly preserved and produced by the Coach Defendants in light of the allegations made in an anonymous e-mail transmitted to the Court on April 28, 2014, the resolution of this issue should not impact the setting of a trial date.

Background:  The Challenged Transaction, and the Need for Prompt Injunctive Relief

This case arises out of the March 2009 formation of Twin America, a joint venture created by the Coach and City Sights Defendants that combined their hop-on, hop-off bus tour businesses in New York City and eliminated all competition between them, resulting in an immediate price increase to consumers of 10 percent.

Shortly after Twin America's formation, the New York Attorney General's Antitrust Bureau initiated an investigation of the transaction and issued a subpoena to Defendants.  At that point, Defendants belatedly applied for approval by the U.S. Surface Transportation Board (STB) of their transaction – in violation of federal law requiring such applications to be made *before* consummation – and argued that the joint venture fell within the STB's exclusive jurisdiction.  The STB rejected the transaction in February 2011 after an extensive review, finding that the joint venture had "create[d] a combined entity that possesses excessive market power and has the ability to raise rates without competitive restraint and otherwise conduct its operations to the detriment of consumers."[2]  Defendants spent another year appealing this STB determination and then, in early 2012, when the STB rejected Defendants' appeal on the merits, they strategically sold certain interstate assets to divest the STB of jurisdiction.  As a result, despite the fact that Defendants had themselves sought STB review and that the STB had found the joint venture unlawful, Defendants continued to operate it as before.

Plaintiffs then brought the present lawsuit in December 2012.  Plaintiffs seek injunctive relief to dissolve Twin America or divest a business approximating that of the City Sights Defendants in order to restore competition.  Plaintiffs also seek the equitable monetary relief of disgorgement of Defendants' ill-gotten profits to prevent Defendants from benefitting from their unlawful conduct and to deter future violations.  Indeed, Defendants' prices and profit margins increased dramatically as a result of the transaction.  These ill-gotten profits continue to this day.

Defendants' Summary Judgment Motion Should Not Delay Trial

Defendants' summary judgment motion, as described in the Joint Preliminary Trial Report, should not delay trial further.

First, Defendants plan to move for summary judgment on the ground that "four competitors have entered the alleged antitrust market since the formation of the joint venture" and "[t]hus, the Government cannot meet its burden to prove barriers to entering the alleged market."  (Joint Preliminary Trial Report at 9.)  While the entry of new competitors into a market can sometimes serve as a defense in an antitrust case, it is a highly fact-based inquiry and not one that lends itself to summary adjudication.  This is especially true here because the entry that Defendants will rely on was far too late and insufficient to establish a defense as a matter of law and raises numerous disputed issues of fact.[3]  Among other things, it did not occur until more

---

[2] Stagecoach Group PLC and Coach USA, Inc., *et al.*—Acquisition of Control—Twin America, LLC, Docket No. MC-F 21035, at 2 (S.T.B. Feb. 8, 2011).

[3] *See, e.g.*, *United States v. Visa U.S.A., Inc.*, 163 F. Supp. 2d 322, 342 (S.D.N.Y. 2001) ("The higher the barriers to entry, and the longer the lags before new entry, the less likely it is that potential entrants would be able to enter the

than three years after the Defendants' joint venture was formed (and thus could not redress the harm to consumers inflicted during this period), it did not neutralize Defendants' price increases, and it has been insufficient to replace the competition lost by the combination of City Sights and Coach.  Importantly, new entrants in this market have severe limitations on their ability to compete due to the limited availability of bus stop authorizations at locations close to New York City's top attractions and at stopping frequencies comparable to Twin America's.  Indeed, five years after the formation of their joint venture, Defendants continue to dominate the market.

Second, Defendants plan to move for summary judgment to preclude Plaintiffs' disgorgement claim.  This argument is unfounded[4] but more importantly it only goes to one aspect of the relief sought by Plaintiffs.  It cannot eliminate the need for a trial on liability and on the appropriate scope of injunctive relief.

Conclusion

Plaintiffs respectfully request that the Court set a firm trial date at the Case Management Conference so that this five-year-old matter can be resolved without further delay – thus avoiding millions of dollars of antitrust harm to countless additional consumers.  Specifically, Plaintiffs propose that the Court amend the current Scheduling Order and set a trial date on or as soon after September 2, 2014 as possible.[5]  This modest adjustment of the current August 6, 2014, trial ready date will provide the Court with time to review Defendants' summary judgment motion, which will be fully briefed by August 1, 2014.

We thank the Court for its attention to this matter.

Sincerely,

/s/
William H. Stallings
Attorney for Plaintiff United States

cc:   Eric Stock (via e-mail), *Attorney for Plaintiff State of New York*
      Thomas O. Barnett (via e-mail), *Attorney for Defendants Coach USA, Inc. and International Bus Services, Inc.*

---

market in a timely, likely, and sufficient scale to deter or counteract any anticompetitive restraints."), *aff'd*, 344 F.3d 229 (2d Cir. 2003); U.S. Dep't of Justice & Fed. Trade Comm'n, Horizontal Merger Guidelines § 9 (2010).

[4] *See United States v. Keyspan Corp.* 763 F.Supp.2d 633, 635 (S.D.N.Y. 2011) (holding that the Department of Justice can seek disgorgement for an antitrust violation); *People v. Ernst & Young, LLP*, 114 A.D.3d 569, 570 (N.Y. App. Div. 2014) (New York State Attorney General has authority to seek disgorgement under Executive Law § 63(12)).

[5]  If the Court determines that this issue does not fall within the scope of the matters to be determined under Section IV.B of the Pilot Project Regarding Case Management Techniques for Complex Civil Cases and that a formal motion to amend the schedule is required, Plaintiffs request that the Case Management Conference serve as the pre-motion conference required by Section 2.A of Your Honor's individual practices and that this letter constitute the letter required prior to such a conference.

Michael P.A. Cohen (via e-mail), *Attorney for Defendants Twin America, LLC, CitySights LLC and City Sights Twin, LLC*