

1(202) 551-1880
michaelcohen@paulhastings.com

June 13, 2014                                                                                                          76022.00013

**BY ECF & ELECTRONIC MAIL**

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re:   *United States of America et al. v. Twin America, LLC et al.*; No. 12-cv-08989 (ALC) (GWG);
      Response to Plaintiffs' Letter Regarding Request for Trial Date

Dear Judge Carter:

Defendants respectfully submit this response to Plaintiffs' June 10, 2014 letter requesting that the Court "set a date for the bench trial in this matter to occur in early September 2014 or as soon thereafter as the Court's calendar permits." ECF No. 61. Defendants will be fully prepared to address this matter at the Court's scheduled June 19 CMC. The Government plaintiffs, however, appear to have set forth argument in their request outside any known rules of practice or motions procedure, and Defendants believe it is important to respond briefly now. In short, Plaintiffs have not identified new facts or information that warrants a departure from the agreed-upon Scheduling Order, which provides the Court will set a trial-ready date 60 days following the Court's resolution of summary judgment and *Daubert* motions. ECF No. 53. And there are good reasons to keep the current stipulated schedule in place.

Defendants have indicated in the Joint Preliminary Pretrial Report that they intend to file important summary judgment motions dispositive of this entire case. ECF No. 59. The Government filed this lawsuit alleging the Twin America double-decker bus tour merger was illegal. The Government's complaint claims that Twin America combined the only two existing double-decker bus tour services and "entry barriers" precluded any other company from launching a competing service. Since the Government filed its complaint, four new double-decker bus tour services have entered the marketplace, including the largest operator in the world. This entry is the most important evidence in the case – it contradicts the Government's case on the essential element of entry and vitiates the basis of the Government's requested relief. Defendants summary judgment motions will establish based on this undisputed record that the Government cannot meet its burden to prove liability and that its request for permanent injunctive relief likewise fails the summary judgment standards.

Defendants have also now settled parallel civil class action cases asserting the same claims. For this reason and others, Defendants will therefore seek summary judgment on the Government's unprecedented "disgorgement" damages claims as well. In addition, Defendants will file *Daubert* motions, as contemplated by the Scheduling Order, addressed to the testimony of Plaintiffs' three experts.

The current Scheduling Order sets forth an efficient way for the Court to consider and decide these motions, and proceed to trial expeditiously, if needed at all, with the benefit of the Court's decision on the motions. The Government previously agreed to this sensible approach and has never before questioned the Scheduling Order in this regard.



Honorable Andrew L. Carter, Jr.
June 13, 2014
Page 2

Nor does the Government's irregular letter request articulate a basis to depart from this Schedule.  In this regard, though the Twin America merger occurred in 2009, the Government filed this case only eighteen months ago; it is not a five year case as the Government implies in its letter.  In fact, in setting the initial case schedule in this matter, the Court expressly addressed and rejected the Government's contention that there was some extraordinary urgency to this lawsuit.  *See* March 8, 2013, Hearing Before the Honorable Magistrate Judge Gorenstein, Hearing Trans. at 25:20-26:18 (Court: "So you said, . . . it was not an urgency for the last four years. And now to come here and say, you know, we have to have double-track depositions, I don't understand that. Why is there an urgency this summer and there wasn't for the last four summers. . . . Nothing stopped you from acting, though." DOJ: "You're right, Your Honor, yes, that is correct.").  Notably at no time since the Twin America merger occurred did the Government move for preliminary injunctive relief, including in this case filed four years after the merger occurred.

In sum, Plaintiffs have set forth no basis to deviate from the agreed upon and Court-ordered schedule that has been in place since the beginning of the case, whereby the case will be trial-ready 60 days after the Court decides summary judgment.  Defendants will be fully prepared to discuss this question at the June 19 CMC or at any other time set by the Court.

Sincerely,


/s/ Michael P. A. Cohen
Michael P. A. Cohen
PAUL HASTINGS LLP

*Counsel for Defendants Twin America, LLC, CitySights LLC, and City Sights Twin, LLC*



/s/ Thomas O. Barnett
Thomas O. Barnett
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-5407

*Counsel for Defendants Coach USA, Inc. and International Bus Services, Inc.*



cc:     Counsel for All Parties (BY ECF & ELECTRONIC MAIL)