# PAUL HASTINGS

1(202) 551-1880
michaelcohen@paulhastings.com

September 18, 2014

**BY FACSIMILE**

Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007



Re: *United States of America et al. v. Twin America, LLC et al.*, No. 12-cv-8989 (ALC) (GWG); Pre-Motion Conference Letter Regarding Unopposed Motion to Open Limited Discovery

Dear Judge Gorenstein:

Defendants respectfully submit this letter, in accordance with Paragraph 2(A) of your Honor's Individual Practices, to request a pre-motion conference regarding Defendants' attached Unopposed Motion to Reopen Discovery, in the event the Court believes a pre-motion conference is needed.

The unopposed motion seeks to obtain limited supplemental transactional sales and revenue data from four non-party New York City double decker bus tour operators. This "market share" data is material to the claims and defenses in this antitrust case. The Government plaintiffs do not join but are not opposing this motion. Trial of this case is scheduled for February 23, 2015, and this motion will not delay that trial date. Defendants submit that the current market share evidence is necessary given the fact that discovery closed in this case in January, nine months ago. In this regard, two of the four bus tours were not even operating in New York until this year, after discovery had closed.

The grounds for this request are more fully set forth in the attached unopposed motion. The parties can be available at the Court's convenience for a pre-motion conference if needed.

Sincerely,

/s Michael P. A. Cohen
Michael P. A. Cohen
Paul Hastings LLP
875 15th Street, NW
Washington, DC 20005
Telephone: (202) 551-1880

*Counsel for Defendants Twin America, LLC,
CitySights LLC, and City Sights Twin, LLC*

/s Thomas O. Barnett
Thomas O. Barnett
Covington & Burling LLP

# PAUL
# HASTINGS

**BY FACSIMILE**

Honorable Gabriel W. Gorenstein
September 18, 2014
Page 2

1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 662-5407

*Counsel for Defendants Coach USA, Inc. and International Bus Services, Inc.*

cc:	Sarah L. Wagner (BY EMAIL) *Counsel for Plaintiff United States*
	James Yoon (BY EMAIL) *Counsel for Plaintiff State of New York*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>STATE OF NEW YORK,<br><br>      *Plaintiffs,*<br><br>v.<br><br>TWIN AMERICA, LLC, *et al.*,<br><br>      *Defendants.* | Civil Action No.<br>12-cv-8989 (ALC) (GWG) |

## UNOPPOSED MOTION TO REOPEN LIMITED DISCOVERY

Defendants respectfully move this Court to reopen discovery for the limited purpose of collecting supplemental sales data from four double decker bus tour companies operating in New York City for the period since discovery closed. The Court has calendared trial in this case for February 23, 2015. Defendants believe that this limited supplemental discovery is material to the claims and defenses in the case. Defendants will not seek to adjust the trial date based on the reopening of discovery. The Government plaintiffs do not join but are not opposing this motion, which is based more fully on the points set forth below:

1.  The Government alleges Twin America merged two double decker bus tour companies in violation of federal and state antitrust laws. In addition to Twin America, double decker bus tour companies currently operating in New York City include: GO New York Tours ("GO"), Skyline Sightseeing ("Skyline"), Big Bus Tours ("Big Bus"), and RATP. Defendants believe that the market shares for these operators are material to the antitrust claims and defenses in this case.

2.      Fact discovery in this case closed on January 3, 2014. Since that date, the parties have not received productions of data from any of the other operators, and thus, absent reopening discovery, data presented at trial will be at least one year old.

3.      Two of these four double decker bus tour companies did not start operations in New York City until after the close of fact discovery: Big Bus started operations in March 2014; and RATP started operations in May 2014.

4.      Without the benefit of fact discovery and the ability to subpoena current transactional data to show tickets and revenues for these market participants, Defendants retained an independent firm to count the number of passengers for each of the five double decker bus tours in May and June 2014 at Battery Park. Defendants included the passenger count results in their currently pending Motion for Summary Judgment and added to their Preliminary Trial Witness List 13 individuals associated with this observation work. The Government has questioned the reliability of the survey, and has asked Defendants to voluntarily produce certain non-privileged documents related to these observations. Defendants have consented to produce these documents by October 24, 2014, subject to any ordinary course objections. Defendants have also consented to the Government deposing, pursuant to 7(i) of the parties' Joint Initial Report (which provides that "Any Party may depose any witness on another Party's trial witness list who has not previously been deposed in this Action"), any or all of these "observer" witnesses that the Government opts to depose. Those depositions will begin on December 1, 2014, unless Defendants remove the observer witnesses from Defendants' Preliminary Trial Witness list before that date.

5.      Defendants believe that limited discovery to obtain and supplement the transactional data from the other double decker bus tour operators will obviate the need for the survey evidence. Defendants also believe that the limited supplemental discovery will provide all parties with the most direct evidence of the passenger and revenue market shares

in the case, a material point of evidence to the claims and defenses in the litigation. Specifically, Defendants will subpoena the actual transactional sales and revenue data from Big Bus, RATP, GO, and Skyline for the period since discovery closed.

6. Fact discovery may be reopened upon a showing of good cause. Fed. R. Civ. P. 16(b)(4); *see Exp.-Imp. Bank of the United States v. Asia Pulp & Paper Co.*, 233 F.R.D. 338, 342 (S.D.N.Y. 2005) (reopening fact discovery upon a showing of good cause, "with 'good cause' being liberally construed"). Given the fact that two tour operators began operations after discovery closed, and that, in Defendants' view, market share data for the past nine months is material to the claims and defenses in the case, Defendants submit that good cause exists to reopen discovery for the limited and specific purpose stated. *See Wade v. N. Am. Asset Servs., LLC*, 2013 WL 593470, at *2 (E.D.N.Y. Feb. 14, 2013) (finding "good cause" and granting defendants' motion to reopen discovery where new information was revealed after discovery closed).

7. The limited discovery will not delay the February 23, 2015, trial date as scheduled. Defendants will not seek to move the February trial date on the basis of this limited discovery, regardless of the positions GO, Skyline, Big Bus, and/or RATP may take after receiving subpoenas regarding whether, to what extent, and when they intend to produce data in response to those subpoenas.

8. Government Plaintiffs United States of America and State of New York do not join but are not opposing this motion.

9. Subject to this Court's approval, the parties jointly agree to the following proposed schedule for limited discovery:

    a. Defendants will produce information responsive to the Government's voluntary requests regarding the observer market survey (as specified

in the Government's letter to Defendants dated August 7, 2014), subject to ordinary course objections, by October 24.

b. Defendants will produce updated transactional data for Twin America to the Government by October 24, 2014. To the extent the data produced by GO, Skyline, Big Bus, and RATP includes transactions past October 24, 2014, Defendants will provide the Government with a supplemental production for Twin America for the same period as that of the other providers.

c. Fact discovery reopened for this limited purpose shall close on November 14, 2014. Within three business days of the Court's ruling on this motion to reopen discovery, Defendants will serve GO, Skyline, Big Bus, and RATP with subpoenas to produce the discovery requested. Defendants will work in good faith to obtain the requested discovery by November 14. Defendants may raise with the Court any disputes regarding compliance with the discovery requests after that date, but the Government plaintiffs shall have the right to object to any such motions as untimely.

d. Defendants will provide the Government with any supplemental expert report (not to exceed five pages) based on the additional discovery no later than December 1, 2014.

e. The Government will provide to Defendants any supplemental expert report (not to exceed five pages) based on the additional discovery no later than December 15, 2014.

f. As of December 1, 2014, if the witnesses related to Defendants' observer market survey have not by that date been removed from

4

Defendants' Preliminary Trial Witness List, the Government will begin its depositions of any or all of these witnesses it opts to depose, pursuant to 7(i) of the parties' Joint Initial Report.

10. A Proposed Order Granting Defendants' Unopposed Motion to Reopen Limited Discovery is attached hereto as Attachment 1.

Dated: September 18, 2014

Respectfully submitted,

---

Michael P. A. Cohen
Paul Hastings LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 551-1880
Facsimile: (202) 551-0280

*For Defendants Twin America, LLC, CitySights LLC, and City Sights Twin, LLC*

---

Thomas O. Barnett
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5407
Facsimile: (202) 662-6291

*For Defendants Coach USA, Inc. and International Bus Services, Inc.*

5