UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA et al., :

                                           Plaintiffs,     ORDER

-v.-

                                                 :    12 Civ. 8989 (ALC) (GWG)

TWIN AMERICA, LLC et al., :

                                       Defendants. :
-----------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      Having considered the arguments of defendants in their letter dated October 21, 2014, and the arguments of non-party Taxi Tours, Inc. in its letter dated October 23, 2014, the Court finds that service of the original subpoena was proper because Fed. R. Civ. P. 45(b)(1) requires only "delivery" of a subpoena, not personal service. See, e.g., King v. Crown Plastering Corp., 170 F.R.D. 355 (E.D.N.Y. 1997). Taxi Tours, Inc. concedes that the subpoena was delivered to its office in New York on September 24, 2014 (even if it contests that the recipient stated that she was an agent authorized to accept service) and Taxi Tours Inc. plainly had notice of the subpoena inasmuch as it engaged counsel to contest service. Thus, we deem this "delivery" sufficient for purposes of Rule 45.

      Moreover, as stated at a conference held today, defendants have already re-served the subpoena in a manner that defendants concede constituted proper service. Defendants raised an objection about the new subpoena's return date of October 31. That objection is overruled, however, because Taxi Tours, Inc. has made no showing whatsoever of burden in complying with the return date. Indeed, based on defendants' past experience, it appears that the subpoena requires only the generation of data from a computer database that Taxi Tours Inc. in the past has accomplished promptly. Notwithstanding the apparent lack of burden, the Court will extend the date of compliance to November 4, 2014. If Taxi Tours, Inc. cannot meet this deadline without undue burden, it may seek an extension by Order to Show Cause provided it does so as soon as it is made aware of the facts that make this deadline burdensome.

      The defendants and Taxi Tours, Inc. have leave to extend the November 4 deadline by agreement and without further Court order.

SO ORDERED.

Dated: October 28, 2014
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge