

**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W., Suite 8000*
*Washington, DC 20001*

*william.stallings@usdoj.gov*
*Tel: (202) 514-9323*
*Fax. (202) 307-2784*

November 13, 2014

Honorable Andrew L. Carter, Jr.
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435New York, NY 10007

Re:   *United States and State of New York v. Twin America, LLC et al.*, No. 12-CV-8989
       (ALC) (GWG)

Dear Judge Carter:

      The Court has set the above-captioned case for a bench trial to commence on February 23, 2015. The parties have conferred to develop pre-trial procedures and deadlines for the remaining pre-trial submissions that are consistent with your Honor's Individual Practices, the Pilot Project for Complex Civil Cases (Dkt. No. 2), and the Federal Rules of Civil Procedure. As part of these discussions, the parties have stipulated to a Proposed Pretrial Scheduling Order that we have attached to this letter and respectfully ask this Court to enter.

      The proposed scheduling order incorporates deadlines for the parties to serve and file trial affidavits for certain witnesses. Specifically, Plaintiffs and Defendants have agreed to submit the direct testimony of all non-adverse party witnesses (including experts) by trial affidavit. The parties did not reach agreement, however, on whether direct testimony for non-party witnesses may be submitted by trial affidavit, and seek guidance from the Court on this issue. Each party has set forth their position on trial affidavits below.

      Plaintiffs' position is that the testimony of non-party witnesses could be either by trial affidavit, submitted in advance of trial, or by live direct examination at trial. Plaintiffs anticipate calling as witnesses a number of competitors and other marketplace participants. Plaintiffs believe that affidavits can promote efficiency by reducing the amount of time required for live testimony and by allowing the parties to incorporate non-party testimony in the proposed findings of fact submitted in advance of trial. Plaintiffs also recognize, however, that the option of presenting live direct testimony of non-party witnesses must be preserved because, among other things, the parties do not control non-party witnesses and cannot compel them to submit

trial affidavits.  Accordingly, Plaintiffs request that the Court permit, but not require, the submission of non-party trial affidavits on the timetable set forth in the proposed scheduling order.  We believe such an approach is consistent with Your Honor's Individual Practices at 5.D (parties to submit "[a]ffidavits constituting the direct testimony of each trial witness, except for the testimony of an adverse witness for whom a party has requested and the Court has agreed to hear direct testimony during the trial").

Defendants' position is that all direct testimony of non-party witnesses should be by live examination at trial.  This applies to a *minority* of the likely trial witnesses parties collectively disclosed in their Preliminary Trial Witness Lists; the majority of witnesses are party witnesses and experts.  Requiring live testimony of third-party competitors and other market participants provides Defendants the evidentiary protections they are entitled under the rules governing direct examination, particularly in a case in which the Government is seeking injunctive relief to permanently dissolve Defendants' business.  The Federal Rules of Civil Procedure state a preference for live testimony.  *See* Fed. R. Civ. P. 43(a) ("At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.").  And, while the Second Circuit and this Court have permitted affidavit testimony as a substitute for live direct examination, that procedure is inappropriate where a party expressly objects to its use.  *Cf. Ball v. Interoceanica Corp.*, 71 F,3d 73, 77 (2d Cir. 1995) ("[W]e approve the procedure allowing the parties to produce direct evidence from their witnesses in writing while permitting subsequent oral cross-examination—*particularly when the parties agree to that procedure in advance*.") (emphasis added).  Defendants object to the use of trial affidavits for non-party witnesses, and, in a case hinging on market entry and competition, see no reason why third-party market competitors should not provide live testimony in their own words.

We thank the Court for its attention to this matter.

Sincerely,

_____/s/_____
William H. Stallings
Attorney for Plaintiff United States

Attachment

cc:  Eric Stock (via e-mail), *Attorney for Plaintiff State of New York*
 Thomas O. Barnett (via e-mail), *Attorney for Defendants Coach USA, Inc. and International Bus Services, Inc.*
 Michael P.A. Cohen (via e-mail), *Attorney for Defendants Twin America, LLC, CitySights LLC and City Sights Twin, LLC*