UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
and                                         )
                                            )
STATE OF NEW YORK,                          )
                                            )
                    *Plaintiffs,*           )
         v.                                 )    Civil Action No.
                                            )    12-cv-8989 (ALC) (GWG)
                                            )
TWIN AMERICA, LLC, et al.                   )    ECF Case
                                            )
                    *Defendants.*           )
_____)

## [PROPOSED] FINAL JUDGMENT

WHEREAS, Plaintiffs United States of America and the State of New York (collectively "Plaintiffs") filed their Complaint on December 11, 2012, Plaintiffs and Defendants Coach USA, Inc., International Bus Services, Inc., CitySights LLC, City Sights Twin, LLC, and Twin America, LLC (collectively "Defendants"), by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party regarding any issue of fact or law;

AND WHEREAS, Defendants agree to be bound by the provisions of this Final Judgment pending its approval by the Court;

AND WHEREAS, the essence of this Final Judgment is the execution of prompt and certain divestitures by Defendants to restore competition that Plaintiffs allege was substantially lessened, and the payment of equitable monetary relief;

AND WHEREAS, Plaintiffs require Defendants to make certain divestitures for the purpose of remedying the loss of competition alleged in the Complaint, and to pay equitable monetary relief;

AND WHEREAS, Defendants have represented to Plaintiffs that the divestitures and the other relief required below can and will be made and that Defendants will later raise no claim of hardship or difficulty as grounds for asking the Court to modify any of the provisions contained below;

NOW THEREFORE, before any trial testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is ORDERED, ADJUDGED AND DECREED:

## I. Jurisdiction

This Court has jurisdiction over the subject matter of and each of the parties to this action. The Complaint states a claim upon which relief may be granted against Defendants under Section 7 of the Clayton Act, as amended (15 U.S.C. § 18), Section 1 of the Sherman Act (15 U.S.C. § 1), Section 340 of the Donnelly Act (N.Y. Gen. Bus. Law § 340), and Section 63(12) of the New York Executive Law (N.Y. Exec. Law § 63(12)).

## II. Definitions

As used in this Final Judgment:

A. "Coach" means Coach USA, Inc., a Delaware corporation with its principal place of business in Paramus, New Jersey, and International Bus Services, Inc., a New York corporation with its principal place of business in Hoboken, New Jersey, and their successors and assigns, and any subsidiaries, divisions, groups, affiliates, partnerships and joint ventures under their control, and their directors, officers, managers, agents, and employees.

B.      "CitySights" means CitySights LLC and City Sights Twin, LLC, New York limited liability companies with their principal places of business in New York, New York, and their successors and assigns, and any subsidiaries, divisions, groups, affiliates, partnerships and joint ventures under their control, and their directors, officers, managers, agents, and employees.

C.      "CitySights Bus Stop Authorizations" means all of the Manhattan bus stop authorizations granted by the New York City Department of Transportation identified in Appendix A, which comprises all of the bus stop authorizations granted to and currently held by CitySights to provide hop-on, hop-off bus tours in the borough of Manhattan, New York City.

D.      "Twin America" means Twin America, LLC, a Delaware limited liability company with its principal place of business in New York, New York, and its successors and assigns, and any subsidiaries, divisions, groups, affiliates, partnerships and joint ventures under its control, and their directors, officers, managers, agents, and employees.

E.      "Defendants" means Coach USA, Inc., International Bus Services, Inc., CitySights LLC, City Sights Twin, LLC, and Twin America, LLC.

F.      "NYCDOT" means the New York City Department of Transportation.

G.      "Person" means any natural person or legal entity.

### III. Applicability

This Final Judgment applies to Coach, CitySights, and Twin America, as defined above, and all other persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise.

## IV. Disgorgement

Defendants shall pay $7.5 million in disgorgement to Plaintiffs for Defendants' alleged violations of Section 7 of the Clayton Act, as amended (15 U.S.C. § 18), Section 1 of the Sherman Act (15 U.S.C. § 1), Section 340 of the Donnelly Act (N.Y. Gen. Bus. Law § 340), and Section 63(12) of the New York Executive Law (N.Y. Exec. Law § 63(12)).  The $7.5 million disgorgement payment shall be divided equally between the United States and the State of New York.

## V. Payment of Disgorgement

A.	Defendants' payment of disgorgement shall be made in three (3) installments. Within 30 days of the entry of this Final Judgment, Defendants must pay $2.5 million in disgorgement to Plaintiffs, divided equally between the United States and the State of New York. Within nine (9) months after entry of this Final Judgment, Defendants must pay another $2.5 million in disgorgement to Plaintiffs, divided equally between the United States and the State of New York.  Within 16 months after entry of this Final Judgment, Defendants must pay the remaining $2.5 million in disgorgement to Plaintiffs, divided equally between the United States and the State of New York.

B.	The payments to the United States specified in this Final Judgment must be made by wire transfer.  Before making any transfer to the United States, a defendant must contact Janie Ingalls of the Antitrust Division's Antitrust Documents Group at (202) 512-2481 for wire-transfer instructions.

The payments to the State of New York specified in this Final Judgment must be made by wire transfer.  Before making any transfer to the State of New York, Defendants must contact Dorcey Bennett (Dorcey.Bennet@ag.ny.gov) of the State of New York's Budget & Fiscal

Management Bureau for wire-transfer instructions and cc: to James Yoon (James.Yoon@ag.ny.gov).

  C. In the event of a default in payment, interest at the rate of 18 percent per annum will accrue thereon from the date of default to the date of payment.

## VI. Divestitures

  A. Defendants are ordered and directed, by May 1, 2015, to divest the CitySights Bus Stop Authorizations by relinquishing them to the NYCDOT in a manner consistent with this Final Judgment. The Plaintiffs, in their sole discretion, may agree to one or more extensions of this time period not to exceed 30 calendar days in total, and shall notify the Court in such circumstances.

  B. Defendants shall not take any action that will jeopardize, delay, or impede in any way the divestiture of the CitySights Bus Stop Authorizations.

  C. Unless the Plaintiffs otherwise consent in writing, the divestiture pursuant to Section VI of this Final Judgment shall include the entire CitySights Bus Stop Authorizations in the borough of Manhattan, New York City. For the avoidance of doubt, nothing in this Final Judgment requires Defendants to divest any bus stop authorizations granted to affiliates of Twin America other than CitySights, including any authorizations for shared use bus stops.

  D. Defendants shall not take any action to impede in any way the reallocation or reassignment of the CitySights Bus Stop Authorizations by NYCDOT to any other person.

## VII. Maintenance of CitySights Bus Stop Authorizations

Until the divestiture required by this Final Judgment has been accomplished, Defendants shall take all steps necessary to comply with the Stipulation and Order Regarding Proposed Final

Judgment entered by this Court. Defendants shall take no action that would jeopardize, delay, or impede the divestiture of the CitySights Bus Stop Authorizations ordered by this Court.

### VIII. Affidavits

A. Within seven (7) calendar days of the Court entering the Stipulation and Order Regarding Proposed Final Judgment in this matter, and every thirty (30) calendar days thereafter until the divestiture has been completed under Section VI, Defendants shall deliver to Plaintiffs an affidavit that describes in reasonable detail all actions Defendants have taken to comply with Section VI of this Final Judgment. Defendants shall deliver to Plaintiffs an affidavit describing any changes to the efforts and actions outlined in Defendants' earlier affidavits filed pursuant to this section within fifteen (15) calendar days after the change is implemented.

B. Defendants shall keep all records of all efforts made to maintain and divest the CitySights Bus Stop Authorizations until one year after such divestiture has been completed.

### IX. Compliance Inspection

A. For the purposes of determining or securing compliance with this Final Judgment, or of any related orders, or of determining whether the Final Judgment should be modified or vacated, and subject to any legally recognized privilege, from time to time Plaintiffs' authorized representatives, upon written request and on reasonable notice to Defendants, shall be permitted to:

    (1) access during Defendants' office hours to inspect and copy, or at the option of the United States or State of New York, to require Defendants to provide hard copy or electronic copies of, all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of Defendants, relating to any matters contained in this Final Judgment; and

  (2) interview, either informally or on the record, Defendants' officers, employees, or agents, who may have their individual counsel present, regarding such matters. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by Defendants.

B. Upon the written request of an authorized representative of either Plaintiff, Defendants shall submit written reports or responses to written interrogatories, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

C. No information or documents obtained by the means provided in this section shall be divulged by the Plaintiffs to any person other than an authorized representative of the executive branch of the United States or the Attorney General's Office of the State of New York, except in the course of legal proceedings to which the United States or the State of New York is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, for law enforcement purposes, or as otherwise required by law.

D. If at the time information or documents are furnished by Defendants to Plaintiffs, Defendants represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and Defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure," then Plaintiffs shall give Defendants ten (10) calendar days notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## X. **Notification**

Unless such transaction is otherwise subject to the reporting and waiting period requirements of the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, 15 U.S.C. § 18a (the "HSR Act"), Defendants, without providing advance notification to the Plaintiffs, shall not directly or indirectly acquire any assets of or any interest, including any financial, security, loan, equity or management interest, in a person providing hop-on, hop-off bus tours in New York City during the term of this Final Judgment.

Such notification shall be provided to the Plaintiffs in the same format as, and per the instructions relating to the Notification and Report Form set forth in the Appendix to Part 803 of Title 16 of the Code of Federal Regulations as amended, except that the information requested in Items 4 through 8 of the instructions must be provided only about hop-on, hop-off bus tours in New York City.  Notification shall be provided at least thirty (30) calendar days prior to acquiring any such interest, and shall include, beyond what may be required by the applicable instructions, the names of the principal representatives of the parties to the agreement who negotiated the agreement, and any management or strategic plans discussing the proposed transaction.  If within the 30-day period after notification, representatives of either Plaintiff make a written request for additional information, Defendants shall not consummate the proposed transaction or agreement until thirty (30) calendar days after substantially complying with such request for information.  Early termination of the waiting periods in this paragraph may be requested and, where appropriate, granted in the same manner as is applicable under the requirements and provisions of the HSR Act and rules promulgated thereunder.  This Section shall be broadly construed and any ambiguity or uncertainty regarding the filing of notice under this Section shall be resolved in favor of filing notice.

## XI.  **Antitrust Compliance Program**

      A.      Within thirty (30) days after entry of this Final Judgment, Coach and Twin America shall each appoint an Antitrust Compliance Officer and identify to Plaintiffs his or her name, business address, and telephone number.

      B.      Each Antitrust Compliance Officer shall institute an antitrust compliance program for the company's officers and directors with responsibility for any operations in the U.S., and any employee with pricing or decision-making responsibility for any aspect of the provision of hop-on, hop-off bus tours in New York City.  The antitrust compliance program shall provide at least two hours of training annually on the antitrust laws, such training to be delivered by an attorney with relevant experience in the field of antitrust law.

      C.      Each Antitrust Compliance Officer shall obtain, within six months after entry of this Final Judgment, and on an annual basis thereafter, on or before each anniversary of the entry of this Final Judgment, from each person subject to Section XI.B of this Final Judgment, and thereafter maintaining, a certification that each such person has received the required two hours of annual antitrust training.

      D.      Each Antitrust Compliance Officer shall communicate annually to all employees that they may disclose to the Antitrust Compliance Officer, without reprisal, information concerning any potential violation of the antitrust laws.

      E.      Each Antitrust Compliance Offer shall provide to Plaintiffs within six months after entry of this Final Judgment, and on an annual basis thereafter, on or before each anniversary of the entry of this Final Judgment, a written statement as to the fact and manner of the Defendant's compliance with Section XI of this Final Judgment.

### XII. <u>No Reacquisition</u>

For a period of five years from the date of entry of this Final Judgment, Defendants may not apply for or obtain any bus stop authorizations for hop-on, hop-off bus tours at the locations of the divested CitySights Bus Stop Authorizations, except that, after May 1, 2016, if the NYCDOT revokes a bus stop authorization currently granted to an affiliate of Twin America other than City Sights, Defendants may apply for or obtain a bus stop authorization at the location of a divested CitySights Bus Stop Authorization that is at or in close proximity to the location of the bus stop authorization NYCDOT has revoked.  Nothing in this Final Judgment shall be construed to prohibit Defendants from applying for or obtaining from the NYCDOT bus stop authorizations at locations other than the locations of the CitySights Bus Stop Authorizations, nor to limit the NYCDOT's ability to alter or amend Defendants' bus stop authorizations.

### XIII. <u>Retention of Jurisdiction</u>

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

### XIV. <u>Expiration of Final Judgment</u>

Unless this Court grants an extension, this Final Judgment shall expire ten years from the date of its entry, except that Sections XI and XII shall expire five years from the date of this Final Judgment's entry.

## XV.  Public Interest Determination

Entry of this Final Judgment is in the public interest.  The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making copies available to the public of this Final Judgment, the Competitive Impact Statement, and any comments thereon and the United States' responses to comments.  Based upon the record before the Court, which includes the Competitive Impact Statement and any comments and response to comments filed with the Court, entry of this Final Judgment is in the public interest.


Dated:  _____

                                            _____
                                            JUDGE ANDREW L. CARTER, JR.
                                            UNITED STATES DISTRICT JUDGE

# APPENDIX A[1]

| Bus Stop ID # | Main Street | Intersecting Street | Address | Corner | Curb |
|---|---|---|---|---|---|
| 401685 | 1 AV | ST MARKS PL | 142 | NE | E |
| 401699 | 1 AV | E 45 ST | OPP 799 | SE | E |
| 400117 | 5 AV | E 90 ST | OPP 1083 | SW | W |
| 400008 | 5 AV | E 72 ST | OPP 905 | SW | W |
| 450447 | 5 AV | E 66 ST | OPP 842 | SW | W |
| 400515 | 5 AV | W 49 ST | 610 | NW | W |
| 400329 | 5 AV | W 22 ST | 174 | NW | W |
| 403132 | 6 AV | W 50 ST | 1258 | SE | E |
| 400949 | 7 AV | W 57 ST | 890 | SW | W |
| 450427 | 7 AV | W 50 ST | 761 | NW | W |
| 404153 | 7 AV | W 42 ST | 5 TIMES SQ | SW | W |
| 401372 | 7 AV S | W 10 ST | OPP 113 | SW | W |
| 404870 | 8 AV | W 42 ST | 672 | NE | E |
| 450354 | 8 AV | W 46 ST | OPP 727 | SE | E |
| 404846 | 8 AV | W 49 ST | 810 | NE | E |
| 401239 | 8 AV | W 52 ST | 888 | NE | E |
| 401678 | ALLEN ST | GRAND ST | 80 | NE | E |
| 401438 | AMSTERDAM AV | W 112 ST | OPP 1060 | NE | E |
| 400747 | BROADWAY | W 63 ST | 1900 | NE | E |
| 450464 | BROADWAY | W 50 ST | 1633 | NW | W |
| 405217 | BROADWAY | SPRING ST | 531 | NW | W |
| 405266 | BROADWAY | WALKER ST | 401 | NW | W |
| 400166 | BROADWAY | PARK PL | 250 | NW | W |
| 404187* | BROADWAY | VESEY ST | 209 | SW | W |
| 450207* | BROADWAY | WALL ST | 100 | NW | W |
| 450403 | CENTRAL PK S | GRAND ARMY PLZ | OPP 22 | MID BLOCK | N |
| 400943 | CENTRAL PK S | CENTER DR | OPP 108 | NW | N |
| 401248 | CENTRAL PK W | W 72 ST | OPP 121 | NE | E |
| 404134 | CENTRAL PK W | W 79 ST | OPP 200 | NE | E |
| 402841 | LEXINGTON AV | E 49 ST | OPP 525 | SW | W |
| 450488 | RIVERSIDE DR | GEN. GRANT NATIONAL MEM | 345A | MID BLOCK | W |
| 450183 | SOUTH ST | FULTON ST | OPP 93 | SE | E |
| 450440 | STATE ST | BATTERY PL | OPP 3825 | MID BLOCK | W |
| 402657 | W 125 ST | FRED DOUGLAS BL | 268 | SE | S |
| 403894 | W 14 ST | 5 AV | 7 | NW | N |
| 400716 | W 34 ST | BROADWAY | OPP 112 | NW | N |
| 401847 | W 34 ST | 7 AV | 213 | NW | N |
| 404280 | W 34 ST | 7 AV | 242 | SW | S |

[1] The information contained in this chart is derived from records of the New York City Department of Transportation.

| Bus Stop ID # | Main Street | Intersecting Street | Address | Corner | Curb |
|---|---|---|---|---|---|
| 450133 | W 34 ST | 5 AV | 22 | MID BLOCK | S |
| 450191 | E 42 ST | VANDERBILT AV | 51 | NW | N |
| 401851 | W 42 ST | 8 AV | 303 | NW | N |
| 403238 | W 42 ST | 9 AV | 350 | SE | S |
| 403242 | W 42 ST | 6 AV | OPP 53 | SE | S |
| 450441 | W 46 ST | BROADWAY | OPP 205 | SW | S |
| 402169 | W 50 ST | 6 AV | 74 | SE | S |
| 401666 | WATER ST | WALL ST | OPP 122 | NE | E |
| 404850* | WATER ST | FULTON ST | NONE | MID BLOCK | E |

* Bus stops indicated by an * are currently inaccessible because of construction.