7

3-18-15

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>and<br><br>STATE OF NEW YORK,<br><br>      *Plaintiffs*,<br>v.<br><br>TWIN AMERICA, LLC, et al.<br><br>      *Defendants.* | Civil Action No.<br>12-cv-8989 (ALC) (GWG)<br><br>ECF Case |

## STIPULATION AND ORDER REGARDING ~~PROPOSED~~ FINAL JUDGMENT

It is hereby stipulated and agreed by and between the undersigned parties, subject to approval and entry by the Court, that:

### I. DEFINITIONS

As used in this Stipulation and Order Regarding Proposed Final Judgment:

A.  "Coach" means Coach USA, Inc., a Delaware corporation with its principal place of business in Paramus, New Jersey, and International Bus Services, Inc., a New York corporation with its principal place of business in Hoboken, New Jersey, and their successors and assigns, and any subsidiaries, divisions, groups, affiliates, partnerships and joint ventures under its control, and their directors, officers, managers, agents, and employees.

B.  "CitySights" means CitySights LLC and City Sights Twin, LLC, New York

1

limited liability companies with their principal places of business in New York, New York, and their successors and assigns, and any subsidiaries, divisions, groups, affiliates, partnerships and joint ventures under its control, and their directors, officers, managers, agents, and employees.

C. "CitySights Bus Stop Authorizations" means all of the Manhattan bus stop authorizations granted by the New York City Department of Transportation (NYCDOT) identified in Appendix A to the proposed Final Judgment, which comprises all of the bus stop authorizations granted to and currently held by CitySights to provide hop-on, hop-off bus tours in the Borough of Manhattan, New York City.

D. "Twin America" means Twin America, LLC, a Delaware limited liability company with its principal place of business in New York, New York, and its successors and assigns, and any subsidiaries, divisions, groups, affiliates, partnerships and joint ventures under its control, and their directors, officers, managers, agents, and employees.

E. "Defendants" means Coach USA, Inc., International Bus Services, Inc., CitySights LLC, City Sights Twin, LLC, and Twin America, LLC.

## II. OBJECTIVES

The proposed Final Judgment filed in this case is meant to ensure Defendants' prompt divestiture of the CitySights Bus Stop Authorizations by relinquishing them to NYCDOT in order to restore competition that Plaintiffs allege was substantially lessened. If approved by the Court, the proposed Final Judgment would fully resolve the claims alleged in Plaintiffs' Complaint. This Stipulation and Order ensures that, prior to such divestiture, the CitySights Bus Stop Authorizations are maintained until such divestiture has been accomplished.

### III. JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this action and over each of the parties hereto, and venue of this action is proper in the United States District Court for the Southern District of New York.

### IV. COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

A.  The parties stipulate that a Final Judgment in the form attached hereto as Exhibit A may be filed with and entered by the Court, upon the motion of any party or upon the Court's own motion, at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16, and without further notice to any party or other proceedings, provided that the Plaintiffs have not withdrawn their consent, which they may do at any time before the entry of the proposed Final Judgment by serving notice thereof on Defendants and by filing that notice with the Court. Defendants agree to arrange, at their expense, publication as quickly as possible of the newspaper notice required by the APPA, which shall be drafted by the United States in its sole discretion. The publication shall be arranged no later than three (3) business days after Defendants' receipt from the United States of the text of the notice and the identity of the newspaper within which the publication shall be made. Defendants shall promptly send to the United States (1) confirmation that publication of the newspaper notice has been arranged, and (2) the certification of the publication prepared by the newspaper within which the notice was published.

B.  Defendants shall abide by and comply with the provisions of the proposed Final Judgment, pending the Judgment's entry by the Court, or until expiration of time for all appeals of any Court ruling declining entry of the proposed Final Judgment, and shall, from the date of the signing of this Stipulation by the parties, comply with all the terms and provisions of the

proposed Final Judgment. Plaintiffs shall have the full rights and enforcement powers in the proposed Final Judgment as though the same were in full force and effect as an order of the Court.

    C.    This Stipulation shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

    D.    In the event (1) the Plaintiffs have withdrawn their consent, as provided in Section IV(A) above, or (2) the proposed Final Judgment is not entered pursuant to this Stipulation, the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, then the parties are released from all further obligations under this Stipulation, and the making of this Stipulation shall be without prejudice to any party in this or any other proceeding.

    E.    Defendants represent that the divestiture and payments ordered in the proposed Final Judgment can and will be made, and that Defendants will later raise no claim of mistake, hardship or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein.

## V. Maintenance of CitySights Bus Stop Authorizations

Until the divestiture required by the Final Judgment has been accomplished:

    A.    Defendants shall not, except as part of a divestiture approved by the Plaintiffs in accordance with the terms of the proposed Final Judgment, revoke, sell, lease, assign, transfer, pledge or otherwise dispose of any of the CitySights Bus Stop Authorizations.

    B.    Defendants shall take no action that would jeopardize, delay, or impede the divestiture of the CitySights Bus Stop Authorizations.

## VI. Duration of Maintenance Obligations

Defendants' obligations under Section V of this Stipulation and Order shall remain in effect until (1) consummation of the divestiture required by the proposed Final Judgment or (2) until further order of the Court or as otherwise provided in Section IV.D hereof. If Plaintiffs voluntarily dismiss the Complaint in this matter, Defendants are released from all further obligations under this Stipulation and Order.

## VII. Stay of Litigation

Entry of this Stipulation and Order shall stay all deadlines established by the Amended Pretrial Scheduling Order (Doc. 125).

## ORDER

It is SO ORDERED this 18 day of March 2015.

_____
JUDGE ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Respectfully submitted on March 16, 2015:

/s/ Sarah Wagner
Sarah Wagner
U.S. Department of Justice
Antitrust Division
Transportation, Energy &
 Agriculture Section
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
(202) 305-8915
sarah.wagner@usdoj.gov

*Attorney for Plaintiff United States*

_____
Eric J. Stock
 Bureau Chief, Antitrust
James Yoon
 Assistant Attorney General
Office of the Attorney General
Antitrust Bureau
120 Broadway, 26th Floor
New York, NY 10271-0332
(212) 416-8262
Eric.Stock@ag.ny.gov
James.Yoon@ag.ny.gov

*Attorneys for Plaintiff State of New York*

_____
Michael P. A. Cohen
Paul Hastings LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1880
michaelcohen@paulhastings.com

*Attorney for Defendants Twin America, LLC, CitySights LLC and City Sights Twin, LLC*

/s/ Thomas O. Barnett
Thomas O. Barnett
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-5407
tbarnett@cov.com

*Attorney for Defendants Coach USA, Inc. and International Bus Services, Inc.*

Respectfully submitted on _____, 2015:

_____
Sarah Wagner
U.S. Department of Justice
Antitrust Division
Transportation, Energy &
    Agriculture Section
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
(202) 305-8915
sarah.wagner@usdoj.gov

*Attorney for Plaintiff United States*

_____
Eric J. Stock
   Bureau Chief, Antitrust
James Yoon
   Assistant Attorney General
Office of the Attorney General
Antitrust Bureau
120 Broadway, 26th Floor
New York, NY 10271-0332
(212) 416-8262
Eric.Stock@ag.ny.gov
James.Yoon@ag.ny.gov

*Attorneys for Plaintiff State of New York*

_____
Michael P. A. Cohen
Paul Hastings LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1880
michaelcohen@paulhastings.com

*Attorney for Defendants Twin America, LLC, CitySights LLC and City Sights Twin, LLC*

_____
Thomas O. Barnett
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-5407
tbarnett@cov.com

*Attorney for Defendants Coach USA, Inc. and International Bus Services, Inc.*